**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 09-22840-CIV-UNGARO/SIMONTON**
**CONSENT CASE**

**GASTON NIEBUHR, and all**
**others similarly situated,**

     **Plaintiff,**

**v.**

**K.F.A. ENTERPRISES, INC., d/b/a**
**ALBERTSON WATERPROOFING, et al.,**

     **Defendants.**

_____/

**ORDER REOPENING CASE AND GRANTING PLAINTIFF'S**
**MOTION FOR FINAL DEFAULT JUDGMENT**

     Presently pending before the Court is Plaintiff Gaston Niebuhr's (hereafter

Niebuhr), Motion to Reopen Case and Motion for Final Default Judgment (DE # 46).  The

deadline to file a response has expired, and no response has been filed to date.  This

case is referred to the undersigned Magistrate Judge for final disposition based upon

the consent of the parties (DE # 34).  Following a careful review of the record and for the

reasons stated herein, Niebuhr's motions are granted.

     **I.  Background**

     This case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et*

*seq.*  According to the allegations in the November 4, 2009 Second Amended Complaint,

between approximately June 1, 2007 and June 1, 2009, Niebuhr worked as a painter for

Defendants.  Niebuhr claimed that he worked an average of 50 hours per week and was

paid $11.00 per hour, but was not paid overtime wages as required by law for any hours

over forty hours weekly which he worked.  Moreover, Niebuhr claims that during the last

seven weeks of his employment, Defendants failed to pay him any wages at all for any

hours which he worked.   In Count I, Niebuhr alleges an overtime wage violation, in violation of 29 U.S.C. § 207(a)(1).  In Count II, Niebuhr alleges federal and Florida minimum wage violation for the last seven weeks of his employment, in violation of 29 U.S.C. § 206(a)(1) and Fla. Stat. § 448.110(3)(4) (DE # 8).[1]

On December 1, 2009, Plaintiffs filed a notice of non-compliance by Defendants, alleging that Defendants' counsel had not filed an Answer and was not cooperating with the filing of a proposed scheduling Order (DE # 9).  On December 2, 2009, Plaintiffs filed a notice stating that on December 2, 2009, they had served the Second Amended Complaint on Defendants, by facsimile and by email (DE # 10).

On January 7, 2010, the District Court ordered Plaintiffs to either show cause by January 11, 2010 why they had not filed a motion to enter default as to Defendants, or to file a motion to enter default, by that date.  However, Plaintiffs also had to file proof of service on Defendants demonstrating compliance with Fed. R. Civ. P. 4. (DE # 12).

On January 11, 2010, Plaintiff filed a motion for the entry of a default against Defendants in favor of Plaintiff Laferte, alleging that he had been served with the initial Complaint pursuant to Rule 4.  The motion also stated that Plaintiffs were trying to perfect Rule 4 service of the Second Amended Complaint on Defendants (DE # 13).  On January 13, 2010, the Clerk entered a default against Defendants (DE # 14).   On January 15, 2010, Plaintiffs filed a notice of non-compliance by Defendants, alleging that Defendant was not cooperating with the filing of the proposed scheduling Order (DE # 15).   On January 20, 2010, the District Court entered an Order vacating the entry of default and ordering Plaintiffs, by January 25, 2010, to either file proof of Rule 4 service

---

[1] The initial Complaint, filed on September 23, 2009 (DE # 1), and the Amended Complaint, filed on October 1, 2009 (DE # 4), named only Mario Laferte, and not Niebuhr, as a plaintiff.  Laferte was also listed as a plaintiff in the Second Amended Complaint.

of the Second Amended Complaint on Defendants, or a notice striking the Amended and Second Amended Complaints and a renewed motion for entry of default on the initial Complaint for failure to respond (DE # 16).  On January 25, 2010, Plaintiffs filed a notice of compliance stating that on January 21, 2010, they had perfected Rule 4 service on Defendants (DE # 17).

On January 26, 2010, Plaintiff Laferte, *pro se*, filed a notice of voluntary dismissal with prejudice, in which he stated that he had instructed his counsel in writing to file a notice of dismissal, but that they had refused to do so.  He therefore dismissed his counsel and filed his notice of dismissal (DE # 19).  On January 28, 2010, the District Court dismissed the case with prejudice and closed the case (DE ## 20, 21).  On January 29, 2010, Plaintiffs' counsel filed a notice striking Plaintiff Laferte's *pro se* notice of dismissal (DE # 22).  On the same date, Plaintiffs' counsel filed a motion to vacate the Order closing the case, because the Court had not approved Plaintiff Laferte's settlement agreement and because Plaintiff Niebuhr's claim remained to be  resolved (DE # 23).  On February 1, 2010, the District Court dismissed from the case Plaintiff Laferte, based on his notice of voluntary dismissal, reopened the case as to Plaintiff Niebuhr and stated that Defendants' Answer to the Second Amended Complaint was due by February 16, 2010 (DE # 25).[2]

On February 12, 2010, Defendants filed an Answer and affirmative defenses to the Second Amended Complaint (DE # 30).

On February 16, 2010, the parties filed a notice of consent to the jurisdiction of the undersigned Magistrate Judge for final disposition (DE # 33), and on February 17,

---

[2] Also on February 1, 2010, Plaintiffs' counsel filed a motion to reconsider the dismissal of Plaintiff Laferte (DE ## 26, 27), which the District Court denied on the same day (DE # 28).

3

2010, the District Court reassigned this case to the undersigned Magistrate Judge for final disposition (DE # 34).

On March 4, 2010, the undersigned held a telephonic status and scheduling conference (DE # 39).  On March 5, 2010, the undersigned entered a scheduling order for this case (DE # 38).

On March 29, 2010, Defendants' counsel moved to withdraw from the case because Defendants had failed to meet their financial obligations (DE # 40).  On the same day, Plaintiff's counsel filed a notice of non-objection with the proviso that the deposition of Defendant Albertson should still take place on April 19, 2010 (DE # 41).  On March 30, 2010, the undersigned granted the motion by Defendants' counsel, stating that Defendants' counsel had to serve the Order on Defendants, and that Defendants had 20 days to obtain new counsel, or in the case of the individual Defendant, to file a notice of proceeding pro se (DE # 42).  On March 31, 2010, Defendants' counsel complied with the Court's Order (DE # 43).

Defendants subsequently ceased to participate in the case and neglected to comply with the Orders of this Court, including the requirement that Defendants obtain new counsel.  Therefore, on April 28, 2010, the undersigned entered an Order directing the Clerk of the Court to enter a default as to liability as to Defendants, and directing Niebuhr to file, by May 28, 2010, a Motion for Final Default Judgment and Affidavit as to damages (DE # 44).  On June 7, 2010, after Niebuhr had not filed the motion for Final Default Judgment, the undersigned dismissed the case without prejudice (DE # 45).

On June 9, 2010, Niebuhr filed the instant motion to reopen the case and for final default judgment, in which Niebuhr's counsel stated that he inadvertently did not print the Court's April 28, 2010 Order, and as a result, did not timely comply with the Court's

4

order to file by May 28, 2010 a motion for final default judgment (DE # 46).  In connection

with his motion, Niebuhr filed an affidavit dated June 9, 2010, stating that he is entitled

to $18,565.60 in unpaid overtime wages and liquidated damages under the FLSA (DE #

46-3).  In addition, Niebuhr seeks reimbursement for attorneys' fees ($7,375.00) and

costs ($420.00), for a requested total award of $7,795.00 (DE # 46 at 3, DE # 46-4).

Defendants have failed to respond within the time provided to Niebuhr's motion to

reopen the case and for final default judgment.

II. **Legal Framework for Analysis**

A. **Plaintiff's Motion to Reopen the Case**

A court is able to reopen a case when a party's misses a deadline due to

excusable neglect.  In *Walter v. Blue Cross & Blue Shield United*, 181 F.3d 1198, 1201-02

(11th Cir. 1999), the Eleventh Circuit reiterated its adoption of the Supreme Court's four-

factor test for excusable neglect as stated in *Pioneer Investment Services Co. v.

Brunswick Associates Limited Partnership*, 507 U.S. 380, 394-95 (1993); 1) the danger of

prejudice to the other party; 2) the length of the delay and its potential impact on judicial

proceedings; 3) the reason for the delay, including whether it was within the reasonable

control of the movant; and 4) whether the movant acted in good faith.

B. **Damages**

A default judgment as to liability is not final until the amount of damages is

determined.  With regard to the measure of damages, the allegations contained in the

complaint are not considered admissions by virtue of the default; "[r]ather, the Court

determines the amount and character of damages to be awarded."  *Wallace v. The Kiwi

Group, Inc.*, 247 F.R.D. 679, 681 (quoting *Miller v. Paradise of Port Richey, Inc.*, 75 F.

Supp. 2d 1343, 1346 (M.D. Fla. 2008)).  The prevailing plaintiff bears the burden of

proving the amount of damages, which may be established either by submitting "sufficient evidence . . . to support the request for damages," or, if the documentary evidence is not sufficient, via a hearing on damages. *Id.* Thus, "[i]t must be clear from the record either that a hearing was held or that the trial court utilized . . . 'mathematical calculations' and 'detailed affidavits'" to ascertain the appropriate measure of damages. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).

### C. Attorneys' Fees and Costs

It is well settled that the FLSA mandates an award of reasonable attorneys' fees and costs to a prevailing plaintiff, *see* 29 U.S.C. § 216(b); *Silva v. Miller*, 547 F. Supp. 2d 1299, 1304 (S.D. Fla. 2008), including a plaintiff who prevails by virtue of a default. *See Simon v. Leaderscape, LLC*, 565 F. Supp. 2d 1332, 1334 (S.D. Fla. 2008). Courts in this Circuit apply the lodestar method to determine attorneys' fees, which are derived by multiplying a reasonable hourly rate by a reasonable number of hours expended. *See Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997). The fee applicant bears the burden of establishing a reasonable hourly rate, which is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). "The court is deemed an expert on the issue of hourly rate and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Tyler v. Westway Automotive Service Ctr., Inc.*, 2005 WL 6148128, at *2 (S.D. Fla. Mar. 10, 2005) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). In addition, the fee applicant

must exercise "billing judgment" by excising hours from their application that are "excessive, redundant, or otherwise unnecessary."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Finally, even in a default scenario, the Court must review the costs claimed by the prevailing plaintiff in order to ensure that they are authorized under the applicable statute and Federal Rules.  *See Azam-Qureshi v. The Colony Hotel, Inc.*, 540 F. Supp. 2d 1293, 1300 (S.D. Fla. 2008) (refusing to tax costs of expert witnesses, *sua sponte*, to the prevailing plaintiff in an FLSA case).

   III.  Analysis

   A.  Reopening the Case

   The undersigned dismissed this case without prejudice because Niebuhr did not comply with the Court's April 28, 2010 Order that Niebuhr file a motion for final default judgment by April 23, 2010.  Niebuhr's counsel asks the Court to reopen the case, and states in support, that he received the April 28, 2010 Order but inadvertently did not print out the Order for future reference, and, as a result, did not timely comply with the Court's Order (DE # 46 at 1, ¶4).  Niebuhr further states that within two days of the June 7, 2010 Order dismissing the case without prejudice, he filed the instant motion (DE # 46 at 2, ¶6).  Niebuhr contends that 1) there is no evidence of danger of prejudice to Defendants, as they are in default, 2) part of the reason that Niebuhr's counsel missed the deadline was that one attorney left Niebuhr's counsel's firm, and the replacement counsel also left the firm; and 3) Niebuhr's counsel's firm showed good faith by filing the instant motion two days after receiving this Court's Order dismissing the case without prejudice (DE # 48 at 3).

   The undersigned accepts the explanation provided by Niebuhr's counsel, finds excusable neglect on the part of Niebuhr's counsel, and grants Niebuhr's motion to

reopen the case.

    **B.** <u>**Damages**</u>

    As part of the instant motion, Plaintiff has filed an affidavit on damages, which

states, in pertinent part,

> To my best recollection, I hereby represent that I worked for the
> Defendants during the period from June 1, 2007 through June 15, 2009.

(DE # 46-3 at 1, ¶4).  Plaintiff further averred that during the second week of his

employment, he worked 50 hours, and was not paid any wages at all.  Therefore, he

claims that he is owed $266.80 in regular wages, based on a hourly minimum wage rate

of $7.21, and $100.80, based on a hourly overtime minimum wage rate of $10.82, for a

total of $366.80 (DE # 46-3 at 1, ¶5).  Plaintiff also averred for the 90 weeks which he

worked from June 1, 2007 through March 30, 2009, excepting the week of June 8, 2007,

he worked 50 hours a week, was paid $11.00 an hour for each of the 50 hours, and was

not paid any overtime.  Therefore, he claims he is owed $4,950.00, based on an hourly

overtime rate of $5.50 per hour for 10 hours a week for 90 weeks (DE # 46-3 at 1, ¶5).

Next, Plaintiff averred that for the six weeks from March 4, 2009 through April 15, 2009,

he worked 50 hours a week, and was not paid any wages at all.  Thus, he claims he is

owed 40 hours of straight time a week at $7.21 an hour for 6 weeks, for a total of

$1,730.40.  He also claims that he is owed 10 hours of overtime a week at $10.82 an hour

for 6 weeks, for a total of $649.20.  This makes a total of $2,379.60 owed to Niebuhr for

the six weeks from March 4, 2009 through April 15, 2009 (DE # 46-3 at 2, ¶5).  Finally for

the four weeks from May 15, 2009 through June 15, 2009, he worked 50 hours a week and

was not paid any wages at all.  Thus, he claims he is owed 40 hours of straight time a

week at $7.21 an hour for 4 weeks, for a total of $1,153.60.  He also claims that he is

owed 10 hours of overtime a week at $10.82 an hour for 4 weeks, for a total of $432.80. This makes a total of $1,586.40 owed to Niebuhr for the six weeks from May 15, 2009 through June 15, 2009 (DE # 46-3 at 2, ¶5).  This results in a total claim of $9,282,80 (DE # 46-3 at 2, ¶5).

Also, based on his allegation that Defendants willfully and intentionally violated the FLSA (DE # 8 at 4, ¶ 16), Niebuhr avers that he is entitled to liquidated damages in an amount equal to his unpaid straight time and overtime wages (DE # 46-3 at 2, ¶5).

The undersigned concludes that Niebuhr's affidavit sets forth sufficient support to award the damages sought which he requests.  In sum, Niebuhr has established that he is entitled to recover $9,282.80 in unpaid straight time and overtime wages.  Niebuhr is entitled to liquidated damages equal to the amount of actual damages, based on the allegation in the Second Amended Complaint that Defendants willfully and intentionally refused to pay overtime and minimum wages to Niebuhr, which is deemed admitted by virtue of Defendants' default.  Moreover, Defendants have failed to challenge this claim for damages, since they have failed to respond to Niebuhr's Motion for Default Judgment.  Thus, Niebhur is entitled to a total damage award of $18,565.60.  *See* 29 U.S.C. § 216(b).

C. Attorneys' Fees

Plaintiff is entitled to an award of attorneys' fees.  However, the lodestar analysis indicates that the fees sought are excessive and will therefore be reduced, as set forth in detail below.  In sum, Plaintiff seeks $7,375.00 in attorneys' fees, but after making the appropriate reductions, the undersigned concludes that a reasonable attorneys' fee award in this case is $3,766.25.

1. <u>**Reasonable Hourly Rates**</u>

**Niebuhr requests the following hourly rates:  $325.00 for attorney Zidell; $300.00 for attorney Kelly, $175.00 for attorney Feld and $150.00 for attorney Mamane.  Based upon a review of the record of this case and other similar cases, as well as the undersigned's familiarity with the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," the undersigned concludes that the hourly rates sought by attorneys Zidell, Feld, and Mamane are excessive, and that the hourly rate requested by attorney Kelly is reasonable.  *American Civil Liberties Union. v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999).**

**The undersigned begins by noting that attorneys Zidell, Kelly and Feld recently represented plaintiffs in three other FLSA cases which had been assigned to the undersigned Magistrate Judge: *Chacon v. El Milagro Care Center, Inc.*, Case No. 07-222835-CIV-SIMONTON; *Turcios v. Delicias Hispanas Corp.*, Case No. 07-20150-CIV-SIMONTON; and *Zambrana v. Geminis Envios Corp.*, Case No. 08-20546-CIV-SIMONTON.  As was mentioned above, attorney Zidell requests an hourly rate of $325.00 for his work in this case.  In *Chacon*, *Turcios*, and *Zambrana*, the undersigned analyzed the skill, experience, and reputation of attorney Zidell, and concluded that $300.00 per hour was a reasonable rate for him.  *Chacon v. El Milagro Care Center, Inc.*, Case No. 07-222835-CIV-SIMONTON, 2010 WL 3023833 at *3, (S.D. Fla. Jul. 9, 2010) (Simonton, M.J.), citing *Zambrana v. Geminis Envios Corp.*, No. 08-20546-CIV-SIMONTON, 2009 WL 1585995, at *6-7 (S.D. Fla. June 4, 2009) and *Turcios v. Delicias Hispanas Corp.*, Case No. 07-20150-CIV-SIMONTON, 2009 WL 1393238, at *3 (S.D. Fla. May 14, 2009) (Simonton, M.J.).  Further, the undersigned finds that, during the litigation of this case, the skill, experience, and reputation of attorney Zidell remained substantially the same as it**

existed during the *Chacon*, *Turcios* and *Zambrana* cases.  Thus, the undersigned finds that $300.00 is a reasonable hourly rate for attorney Zidell.

The undersigned finds reasonable attorney Kelly's requested hourly rate of $300.00, as the undersigned has previously found $300.00 to be a reasonably hourly rate for Kelly in the *Chacon*, *Turcios* and *Zambrana* cases.

Next, the undersigned finds unreasonable attorney Feld's requested hourly rate of $175.00.  In both *Chacon* and *Zambrano*, attorney Feld also requested an hourly rate of $175.00, which the undersigned found excessive.  In those cases, based on attorney Feld's skill, experience, and reputation, the undersigned determined that an hourly rate of $150.00 was reasonable.  *Chacon*, 2010 WL 3023833 at *3; *Zambrana*, 2009 WL 1585995, at *6-7.  Further, the undersigned finds that, during the litigation of this case, attorney Feld's skill, experience, and reputation has remained substantially the same as it existed at the time he litigated both *Chacon* and *Zambrano*.  Therefore, the undersigned awards attorney Feld an hourly rate of $150.00.

Finally, the undersigned finds excessive attorney Mamane's requested hourly rate of $150.00.  In *Chacon*, the undersigned awarded attorney Mamane an hourly rate of $137.50.  *Chacon*, 2010 WL 3023833 at *3.  The undersigned also finds that, during the litigation of this case, attorney Mamane's skill, experience, and reputation has remained substantially the same as it existed at the time he litigated *Chacon*.  Therefore, the undersigned awards attorney Mamane an hourly rate of $137.50.

2.  <u>Number of Hours Expended</u>

a.  <u>Introduction</u>

There are certain categories of requested attorney time which the undersigned has determined will not be granted.  They are listed below.

11

For example, Plaintiff Niebuhr was not brought into this case until the filing of the Second Amended Complaint on November 4, 2009.  Thus, no award of attorney fees can be made as to Niebuhr prior to that date except for Niebuhr's November 2, 2009 initial consultation with Plaintiff's counsel, and the reasonable time spent drafting the Second Amended Complaint.

Next, the Second Amended Complaint was not properly served, pursuant to Rule 4, until January 21, 2010.  From November 4, 2009 until February 1, 2010, the litigation in this case focused on two issues: whether Defendants were in default for failing to timely Answer the Second Amended Complaint and whether the District Court should accept Plaintiff Laferte's *pro se* notice of dismissal.  Plaintiffs were unsuccessful on both of these issues.  Therefore, the undersigned will disallow any attorney time requested which relates to these issues.

b.  <u>Number of Hours Expended by Attorney Mamane</u>

Plaintiff seeks to recover 16.1 hours of attorney time expended by attorney Mamane in this case.  *See* DE # 46-4 at 1-2.  This consists of:

0.3 hours on September 30, 2009 for a phone call with former plaintiff Laferte, This request is disallowed as Niebuhr was not in the case at the time.

0.7 hours on September 30, 2009 for drafting an amended complaint.  This request is disallowed as Niebuhr was not in the case at the time.

0.2 hours on November 2, 2009 for an initial consultation with Niebuhr. This request is allowed.

0.8 hours on November 3, 2009 for drafting a second amended complaint.  This request is excessive and is reduced to 0.5 hours as the second amended complaint is almost identical to the amended complaint with the exception of including a few

paragraphs concerning the hours worked by and the amounts paid to Niebuhr.

0.5 hours on November 17, 2009 for a phone call to defense counsel and for drafting a letter concerning Defendants' filing an answer to the Second Amended Complaint and the filing of a joint scheduling report. This request is disallowed, as on January 20, 2010, the District Court entered an Order finding that Plaintiffs had not properly served the Amended Complaint and the Second Amended Complaint, and, thus, no joint scheduling report was due at this time (DE # 16).

0.8 hours on November 17, 2009 for drafting a joint scheduling report. This request is disallowed, as on January 20, 2010, the District Court entered an Order finding that Plaintiffs had not properly served the Amended Complaint and the Second Amended Complaint, and, thus, no joint scheduling report was due at this time (DE # 16).

0.1 hours on December 1, 2009 for leaving a voice mail to defense counsel concerning the joint scheduling report. This request is disallowed, as on January 20, 2010, the District Court entered an Order finding that Plaintiffs had not properly served the Amended Complaint and the Second Amended Complaint, and, thus, no joint scheduling report was due at this time (DE # 16).

0.8 hours on December 1, 2009 for drafting a notice of non-compliance. This request is disallowed, as on January 20, 2010, the District Court entered an Order vacating the default, finding that Plaintiffs had not properly served the Amended Complaint and the Second Amended Complaint (DE # 16). Thus, the notice of non-compliance was incorrect and unsuccessful.

0.2 hours on February 1, 2010 for drafting a notice of filing exhibit. This request is disallowed, as the notice and exhibit only concern Plaintiff Laferte's settlement and Plaintiff Niebuhr is not mentioned (DE # 27).

1.5 hours on March 23, 2010 for preparing for Niebuhr's deposition.  This request is allowed.

6.5 hours on March 24, 2010 for attending Niebuhr's deposition.  This request is allowed.

0.3 hours on March 29, 2010 for drafting a response to Defendants' counsel's motion to withdraw. This request is allowed.

0.5 hours on April 1, 2010 for drafting a letter to defendant requesting a deposition date.  This request is disallowed as duplicative.  In Niebuhr's March 29, 2010 response to Defendants' counsel's motion to withdraw, Niebuhr stated that Defendant's deposition was set for April 19, 2010 (DE # 41).

1.2 hours on June 9, 2010 for meeting with Niebuhr and drafting an affidavit.  This request is allowed.

1.7 hours on June 9, 2010 for drafting the instant motion.  This request is allowed.

In sum, attorney Mamane sought $2,415.00 for 16.1 hours of work at $150.00 per hour.  However, for the reasons stated above, the undersigned finds that a reasonable attorney fee for attorney Mamane is $1,636.25, representing 11.9 hours of attorney Mamane's time at an hourly rate of $137.50.

c.  <u>Number of Hours Expended by Attorney Feld</u>

Plaintiff seeks to recover for 6.3 hours of attorney time expended by attorney Feld in this case.  *See* DE # 46-4 at 1-2.  This consists of:

0.1 hours on October 1, 2009 for filing service of process with the Court.  This request is disallowed as Niebuhr was not in the case at the time.

0.7 hours on January 29, 2010 for drafting a motion to strike and motion to vacate. This request is disallowed as the motion was unsuccessful.

14

2.2 hours on January 29, 2010 for drafting a motion to vacate order of dismissal and a proposed order.  After reviewing the motion, which deals primarily with Plaintiff Laferte, the undersigned finds that the time requested is excessive and is reduced to 1.5 hours.

1.9 hours on February 1, 2010 for drafting a motion for reconsideration.  This request is disallowed as the motion was unsuccessful.

0.2 hours on February 2, 2010 for drafting a notice of compliance.  This time requested is excessive and is reduced to 0.1 hours.

0.1 hours on February 16, 2010 for drafting a consent to magistrate form.  This request is allowed.

0.7 hours on February 25, 2010 for drafting a proposed scheduling order and an email to defense counsel.  This request is allowed.

0.1 hours on February 25, 2010 for reading an email response from defense counsel.  This request is allowed.

0.1 hours on February 25, 2010 for a placing telephone call to Niebuhr to ascertain whether he was out of the country, as stated by defense counsel.  He was not.  This request is allowed.

0.2 hours on March 3, 2010 for drafting a notice of filing and filing the joint scheduling report with the Court.  This request is allowed.

In sum, attorney Feld sought $1102.50 for 6.3 hours of work at $175.00 per hour. However, for the reasons stated above, the undersigned finds that a reasonable attorney fee for attorney Feld is $420.00, representing 2.6 hours of attorney Feld's time at an hourly rate of $150.00.

d.  **Number of Hours Expended by Attorney Kelly**

Plaintiff seeks to recover for 6.3 hours of attorney time expended by attorney Kelly in this case.  *See* DE # 46-4 at 1-2.  This consists of:

0.2 hours on October 16, 2009 for reviewing file and sending email memo to co-counsel re the joint scheduling report and moving the case forward.  This request is disallowed, as Niebuhr was not in the case at that time.

0.2 hours on November 30, 2009 for an inter-office conference in re status of case and default posture, reviewed correspondence and order.  This request is allowed.[3]

0.1 hours on December 2, 2009 for checking status of service of amended complaint and inter-office conference re status of same. This request is allowed.

0.3 hours on December 8, 2009 for reviewing docket re status of joint scheduling report and scheduling hearing, office discussion re same and sending email to co-counsel.  This request is allowed.

0.8 hours on January 8, 2010 for beginning to draft a motion for entry of clerk's default, reviewing file and pleadings re history, service and verification issues regarding Second Amended Complaint.  This request is disallowed.  The District Court vacated the clerk's default in this case because Plaintiff's counsel had never served the Amended

---

[3] The Eleventh Circuit has found that "[t]ime spent in attorney conferences is generally compensable for each participant" since it is necessary for the attorneys to "spend at least some of their time conferring with colleagues, particularly their subordinates, to ensure that a case is managed in an effective as well as efficient manner." *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 278 F. Supp. 2d 1301, 1316 (M.D. Fla. 2003) (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Defense*, 675 F.2d 1319, 1337 (D.C. Cir. 1982)).  Based upon a review of the record as a whole, the undersigned finds that it is reasonable to include compensation for inter-office conferences in Niebuhr's fee award, because:  such conferences were sporadic; they were reasonably necessary to ensure that coordinate the work among multiple attorneys; and, when such conferences occurred, Niebuhr seeks to be reimbursed for only one attorney at a time, not for each of the attorneys that attended the conference.

Complaint and the Second Amended Complaint on Defendants (DE # 16).  Therefore, this motion was unsuccessful.

0.4 hours on January 11, 2010 for continuing to draft motion for entry of clerk's default, finalize and file, arrange for service of Second Amended Complaint.  This request is disallowed.  The District Court vacated the clerk's default in this case because Plaintiff's counsel had never served the Amended Complaint and the Second Amended Complaint on Defendants (DE # 16).  Therefore, this motion was unsuccessful.

0.1 hours on January 13, 2010 for reviewing clerk's default, finalize and taking notes and calendaring for motion for final judgment.  This request is disallowed.  The District Court vacated the clerk's default in this case because Plaintiff's counsel had never served the Amended Complaint and the Second Amended Complaint on Defendants (DE # 16).  The motion for default was ultimately unsuccessful.

0.2 hours on January 14, 2010 for strategizing with co-counsel re default procedures because the clerk would not issue another summons to process server despite order.  This request is disallowed.  It was not until January 20, 2010 that the District Court vacated the clerk's default in this case because Plaintiff's counsel had never served the Amended Complaint and the Second Amended Complaint on Defendants (DE # 16).  Thus, at this time, there was no order in the case that Defendants be served with the Second Amended Complaint pursuant to Rule 4.

0.1 hour on January 18, 2010 to pull order re scheduling hearing.  This request is disallowed.  The Amended Complaint and Second Amended Complaint were never served on Defendants, and no joint scheduling report was pending.

0.2 hours on January 21, 2010 to review order vacating default and checking status of service, contact process server, calculate deadlines and office discussion.

This request is allowed.

0.2 hours on January 21, 2010 for office meeting with process server and co-counsel re service and analysis of Rules 4 and 5 re issue of Second Amended Complaint. This request is allowed.

0.2 hours on January 25, 2010 for editing affidavit of service, office discussion with process re service of Second Amended Complaint. This request is allowed.

0.6 hours on January 25, 2010 for office discussion re service issues, draft and file notice of compliance re service of Second Amended Complaint with affidavit of service. This request is excessive and is reduced to 0.2 hours. The notice of compliance was brief and should not have taken long to draft. Plaintiff had perfected Rule 4 service of the Second Amended Complaint on Defendants on January 21, 2010.

0.1 hour on February 26, 2010 for sending an email to defense counsel re setting depositions. This request is allowed.

0.1 hour on March 3, 2010 for preparing for next day's scheduling conference and check docket. This request is allowed.

0.4 hours on March 4, 2010 for attending scheduling conference. This request is allowed.

0.2 hours on March 4, 2010 for telephone call with Niebuhr to get deposition dates. This request is allowed.

0.4 hours on March 5, 2010 for sending email and fax to defense counsel re depositions and coordinating calendar. This request is excessive and is reduced to 0.2 hours.

0.4 hours on March 11, 2010 for drafting and serving notice of deposition on defense counsel. This request is excessive for an attorney of Kelly's experience and is

reduced to 0.2 hours.  Moreover, clerical staff, and not senior attorneys, should be serving notices of deposition.

0.2 hours on March 12, 2010 for sending response to defense counsel's office re renoticing Defendant's deposition.  This request is allowed.

0.2 hours on March 15, 2010 for drafting and serving renotice of deposition to accommodate defense counsel's schedule.  This request is allowed.

In sum, attorney Kelly sought $1,890.00 for 6.3 hours of work at $300.00 per hour. However, for the reasons stated above, the undersigned finds that a reasonable attorney fee for attorney Kelly is $900.00, representing 3.0 hours of attorney Kelly's time at an hourly rate of $300.00.

e. <u>Number of Hours Expended by Attorney Zidell</u>

Plaintiff seeks to recover for 5.4 hours of attorney time expended by attorney Zidell in this case.  *See* DE # 46-4 at 1-2.  This consists of:

1.0 hour on September 17, 2009 for an initial consultation with Plaintiff Laferte. This request is disallowed, as Niebuhr was not in the case at that time.

0.7 hours on September 22, 2009 for drafting the complaint, which named only Plaintiff Laferte.  This request is disallowed, as Niebuhr was not in the case at that time.

1.7 hours on February 12, 2010 for a review of the file and the status of the pleadings.  This request is allowed.

2.0 hours on March 23, 2010 for a review of the file and meeting with Niebuhr to prepare him for deposition.  This request is reduced to 1.0 hour.  Attorney overhead should cover a review of the file.  Moreover, attorney Mamane only spent 1.5 hours for preparing Niebuhr for deposition, as well as 6.5 hours for defending Niebuhr's deposition on the following day.  Finally, the motion does not indicate why it was

necessary for attorney Zidell to spend more than 1 hour assisting Mamane in preparing Niebuhr for deposition.

In sum, attorney Zidell sought $1, 755.00 for 5.4 hours of work at $325.00 per hour.  However, for the reasons stated above, the undersigned finds that a reasonable attorney fee for attorney Zidell is $810.00, representing 2.7 hours of attorney Zidell's time at an hourly rate of $300.00.

### f.  Total Award of Attorney's Fees

Using the above calculation, the undersigned has determined that an appropriate award of attorney's fees encompasses 20.7 hours of work, rather than the 34.1 hours requested by Plaintiff's counsel.  Reviewing the case as a whole, the undersigned concludes that 20.7 hours is the reasonable amount of time for which Plaintiff's counsel should be compensated, and that a reasonable fee is $3,766.25.

### D.  Costs

As the prevailing party pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, Niebuhr claims costs totaling $420.00.  Niebuhr is entitled to tax these costs.

Initially, Niebuhr requests costs of $350.00 for the filing fee.  The court is authorized by statute to tax costs for "fees of the clerk and marshal." 28 U.S.C. § 1920(1). Filing fees may be taxed as costs pursuant to this provision. *ABC Charters, Inc. v. Bronson,* Case No. 08-21865-CIV, 2010 WL 1332715, at *6 (S.D. Fla. March 16, 2010). Accordingly, the undersigned awards Niebuhr $350.00 for the filing fee.

Niebuhr also requests costs of $70.00 representing the service of process fees for two defendants.  Under 28 U.S.C. § 1920(1), a court may tax costs for the "[f]ees of the clerk and marshal."  Pursuant to this provision, courts may tax private service of

process fees as long as they do not exceed the statutory fees authorized by § 1921, which authorizes the U.S. Marshal to execute service of process.  See *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. 2007) (holding that private process server fees are compensable under section 1920(1), provided that the private process server rates are less than or equal to the cost of service by the United States Marshal's Service).  The U.S. Marshal's rate for service of process is $55.00 per hour for each item served, plus travel costs and any out of pocket expenses.  28 C.F.R. § 0.114(a)(3).  The undersigned awards the requested $70.00 to serve the two Defendants, finding that the amount requested is reasonable.

> D.  **Plaintiff is Not Entitled, At This Time, To Any Fees Subsequently Incurred In Collection of the Default Judgment**

Niebuhr asks the Court to enter an Order entitling his attorney to future fees in collection of the default judgment.  In support of this request, Niebuhr cites to *DiFrancesco v. Home Furniture Liquidators, Inc.*, 2009 WL 36550, at *4-5 (S.D. Fla. Jan. 6, 2009) (DE # 46 at 4-5).  However, in *DiFrancesco*, and in the cases cited therein, attorney's fees were awarded after they were actually incurred in collection of the default judgment.  The undersigned will not rule at this time as to whether Niebuhr's counsel is entitled to an award of hypothetical, future attorney's fees which may be incurred in collection of the default judgment, unless and until Niebuhr's counsel actually incurs attorney's fees in collection of the default judgment in this case.  Niebuhr has cited no authority to the contrary.

Therefore, it is hereby,

**ORDERED AND ADJUDGED** that Plaintiff Gaston Niebuhr's Motion to Reopen Case and Motion for Final Default Judgment (DE # 46), is **GRANTED**.  The instant case

is reopened.  A Final Judgment will be entered in favor of Plaintiff Niebuhr and against

Defendants, jointly and severally, in the total amount of $22,751.85, which consists of the

value of Niebuhr's actual damages ($9,282.80), liquidated damages ($9,282.80),

attorneys' fees ($3,766.25) and costs ($420.00).

**DONE AND ORDERED** in chambers in Miami, Florida on December 28, 2010.


_Andrea M. Simonton_
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
All counsel and *pro se* parties of record via CM/ECF